| | |
|---|---|
| Dwayne Curtis Deleston, # 96350-071 ) <br> *aka Dwayne Deleston*, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> US Department of Justice; ) <br> Jackson Seth Whipper; ) <br> Miller William Shealy, Jr., and ) <br> US Attorney's Office for the district of South Carolina, ) <br> Charleston Division, ) <br> ) <br> Defendant. ) <br> _____) | C/A No. 6:10-444-DCN-WMC <br> <br> <br> <br> <br> **Report and Recommendation** |

This is a civil action filed *pro se* by a federal prison inmate.[1] Plaintiff is currently incarcerated by FCI-Estill in Estill, South Carolina. In the Complaint filed in this case, he seeks damages and declaratory and injunctive relief against the Department of Justice, the United States Attorney's Office, and the private attorney who represented him and the Assistant United States Attorney who prosecuted him in his drug-related criminal case before this Court. *United States v. Deleston*, Criminal No. 2:99-0751-DCN-6. Plaintiff claims that he is wrongfully incarcerated because Defendants kept relevant and material exculpatory evidence (*Brady* material) from him when he was considering whether or not to enter a guilty plea and continuing through his post-sentencing efforts to overturn his conviction and sentence. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963)(suppression of material and relevant exculpatory evidence by the Government violates due process); *United States v. Kelly*, 35 F. 3d 929, 937-38 (4th Cir. 1994).

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Review of the docket in Plaintiff's criminal case discloses that he has vigorously litigated the issue of whether or not his conviction and sentence is valid through the filing of an unsuccessful direct appeal, numerous unsuccessful post-final judgment motions to reduce/reconsider his sentence and an unsuccessful appeal therefrom, an unsuccessful motion pursuant to 28 U.S.C. § 2255 and a currently pending appeal therefrom, and an unsuccessful motion under 28 U.S.C. § 2244 seeking permission to file a second or successive § 2255 motion. See *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records). The docket review makes clear that all of Plaintiff's efforts to overturn or set aside his conviction and sentence up to the date of this Report were unsuccessful and that, therefore, the conviction and sentence remain valid.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint,

the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

In one of the numerous previous civil actions filed in this Court by Plaintiff since the time of his conviction and sentence, Plaintiff was clearly informed that he could not sue his private attorney's law firm or the attorney himself for damages or other relief arising from constitutional violations that allegedly occurred in connection with the defense, prosecution, and judicial determinations made in his criminal case due to the holding of the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1997) and the lack of action under color of law. *See Deleston v. Steinburg Law Firm*, Civil Action No. 6:06-2111-DCN. In this case, he once again names a private attorney who represented him in his criminal case as a Defendant, but this time he also adds the Assistant United States Attorney who prosecuted him and that attorney's employers as Defendants. However, as stated above, Plaintiff still has not been successful in having his conviction and sentence overturned, thus Plaintiff's Complaint in this case is also subject to summary dismissal based on *Heck*. With respect to actions filed pursuant to 42 U.S.C. § 1983 [2]

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

and/or the *Bivens* Doctrine[3] such as the present one alleging constitutional violations and/or other improprieties in connection with federal criminal charges the Court stated:

> We hold that, in order to recover damages [or other relief][4] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.[5] *Heck v. Humphrey* is also applicable in civil

---

[3] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994). Since Plaintiff is suing at least one federal employee over federal criminal charges, this should be considered a "*Bivens* case."

[4] *See Johnson v. Freeburn*, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

[5] *But see Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008) (Former prisoner's § 1983 claim alleging that his prior imprisonment was wrongful, filed after his sentence expired but before he was able to complete post-conviction relief process, was cognizable; prisoner was not eligible for habeas relief since his sentence had expired and he would be left without any access to federal court to contest allegedly wrongful imprisonment if his § 1983 claim was barred.).

4

rights suit against federal officials, such as an Assistant United States Attorney, and federal entities. *See Ruff v. Runyon*, 258 F. 3d 498 (6th Cir. 2001); *Williams v. Hill*, 74 F. 3d 1339 (D.C. Cir. 1996); *Stephenson v. Reno*, 28 F. 3d 26 (5th Cir. 1994); *see also Best v. Kelly*, 39 F. 3d 328, 330 (D.C. Cir. 1994); *Williams v. Hill*, 878 F. Supp. 269, 272 (D. D.C. 1995)("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his *Bivens* action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."). *Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases, *Wallace v. Kato*, 549 U.S. 384 (2007). However, since this case involves an already completed criminal trial and complaints about how it was conducted, *Wallace* is inapplicable and *Heck* controls.

As stated above, Plaintiff has unsuccessfully pursued numerous post-judgment motions and appeals trying to overturn his conviction and sentence. Since Plaintiff has not been successful in having his 2002 federal conviction set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations about a material *Brady* violation, if true, would necessarily invalidate his conviction, *see United States v. Kelly*, 35 F. 3d 929, 938 (4th Cir. 1994), he cannot sue either of the Defendants based on their involvement in his prosecution and ultimate conviction. *Ruiz v. Hofbauer*, 325 Fed. Appx. 427 (6th Cir. May 20. 2009)(*Heck* precludes civil action asserting *Brady* violation). As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

Even if *Heck* did not require summary dismissal of the entire Complaint against all Defendants, the Complaint would still be subject to summary dismissal for several alternate reasons. Initially, to the extent the it seeks damages for alleged "unjust incarceration" from the

Assistant United States Attorney who prosecuted him and that attorney's employers: the United States Department of Justice and the United States Attorney's Office for the District of South Carolina, Charleston Division, Plaintiff's Complaint is barred by the well-established legal doctrine of prosecutorial immunity. Prosecutors have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the prosecutor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D. Ore. June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Absolute immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process. *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004). It is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Plaintiff's claims that he was not provided certain evidence which he characterizes as *Brady* material by the prosecution in his criminal case go directly to Defendant Shealy's clearly prosecutorial decisions about how to prosecute and present evidence in the case against Plaintiff. Such decisions are part of the Assistant United States Attorney's prosecutorial functions and they are absolutely immune from Plaintiff's damage claims. *Springmen*; *Lyles*.

Moreover, to the extent that Plaintiff implicitly relies on the doctrine of vicarious liability or *respondent superior* to attempt to hold Defendant Shealy's employers liable for actions taken by Shealy, the Complaint should be summarily dismissed. There are no allegations that either the

6

Department of Justice or the United States Attorney's Office played any individual part in any wrongdoing or that they were aware of Shealy's alleged withholding of *Brady* material, but failed to take corrective action. *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994)(generally there is no vicarious liability under § 1983/*Bivens*); *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984)(exception to general rule upon proof of personal involvement and/or direct knowledge of wrongdoing). Additionally, neither the Department of Justice nor the United States Attorney's Office may be held liable for constitutional violations under the *Bivens* Doctrine because neither of these Defendants are "persons" who can "act under color of federal law." In order to state a claim for relief under 42 U.S.C. § 1983 or the *Bivens* Doctrine, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state [or federal] law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see also Farmer v. Brennan*, 511 U.S. 825 (1994) (§ 1983 principles are applicable to *Bivens* cases); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of law, therefore, a defendant in a § 1983 or *Bivens* action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Further, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against

7

a "person" as required in § 1983 or *Bivens* actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991). The Department of Justice is an agency of the United States and the United States Attorney's Office is an inanimate object: an office. Neither is a person as that term is understood in § 1983 or *Bivens* cases, and neither can be held liable under the *Bivens* Doctrine.

Finally, to the extent that it seeks to hold Plaintiff's defense attorney liable for the alleged withholding of exculpatory evidence and resulting unjust incarceration, the Complaint filed in this case is subject to summary dismissal because Defendant Whipper was not acting under color of state or federal law in connection with his representation of Plaintiff. As previously stated, in order to state a cause of action under 42 U.S.C. § 1983 or *Bivens*, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state or federal law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Other than a possible, though, as stated above,

non-viable claim under § 1983 or *Bivens*, no other potential basis for this Court to exercise federal question jurisdiction over Plaintiff's claims against this attorney is evident from the face of the pleadings.

Liberally construing his *pro se* pleading, what Plaintiff is claiming in his Complaint is that his criminal defense attorney is liable to him for legal malpractice (also known as legal negligence). In the absence of diversity of citizenship between the parties, such a traditionally state-law based claim may not considered by this Court. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992); *see also DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989)(42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law). *Cf. Mitchell v. Holler*, 311 S.C. 406, 429 S.E.2d 793 (1993)(legal malpractice case heard in state court); *Yarborough v. Rogers*, 306 S.C. 260, 411 S.E.2d 424 (1991)(same). It is clear from the face of the pleadings that there is no basis on which Plaintiff could assert that there is federal diversity jurisdiction over his claim against his attorney because both Plaintiff and Defendant Whipper are residents of the state of South Carolina. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978)(diversity of citizenship requires that no party on one side of a case may be a citizen of the same state as any party on the other side). In absence of any viable claim against Whipper falling under either federal question or diversity jurisdiction, the Complaint should also be dismissed insofar as it seeks relief from this attorney.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v.*

*Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Since Plaintiff was previously informed in Civil Action No. 6:06-2111-DCN of the applicability of *Heck v. Humphrey*, prosecutorial immunity, and the requirement of action under color of law by persons to claims such as those asserted in this case, the Complaint filed in this case is frivolous, and 28 U.S.C. § 1915A(b)(1) is applicable in this case. Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See McLean v. U.S.*, 566 F.3d 391 (4th Cir. 2009).

Plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

March 15, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).